# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDUARDO CAMACHO,

    Petitioner,

vs.

E.K. MCDANIEL, *et al.*,

    Respondents.

3:11-cv-00318-LRH-RAM

**ORDER**

Eduardo Camacho, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (docket #1-1).

Petitioner has now paid the filing fee (*see* docket #5). Therefore, the habeas petition shall be filed and docketed, and it shall be served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for the appointment of counsel (docket #4). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of

1 counsel would amount to a denial of due process, and where the petitioner is a person of such limited
2 education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also*
3 *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  The petition in this action appears sufficiently clear
4 in presenting the issues that petitioner wishes to raise.  Counsel is not justified at this time.  The motion
5 is denied without prejudice.

6 **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY**
7 **SERVE** the petition (docket #1-1) on the respondents.

8 **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of
9 this order within which to answer, or otherwise respond to, the petition.  In their answer or other
10 response, respondents shall address any claims presented by petitioner in his petition as well as any
11 claims presented by petitioner in any Statement of Additional Claims.  Respondents shall raise all
12 potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
13 procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed,
14 respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
15 United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-**
16 **five (45) days** from the date of service of the answer to file a reply.

17 **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General
18 of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration
19 by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the
20 date that a true and correct copy of the document was mailed to the Attorney General.  The court may
21 disregard any paper that does not include a certificate of service.  After respondents appear in this action,
22 petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

23 **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #4)
24 is **DENIED without prejudice**.

25 DATED this 13th day of June, 2011.

27 _____
28 LARRY R. HICKS
UNITED STATES DISTRICT JUDGE