# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDUARDO CAMACHO, | |
|     Petitioner, | 3:11-CV-00318-LRH-RAM |
| vs. | |
| | **ORDER** |
| E.K. MCDANIEL, *et al.,* | |
|     Respondents. | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Eduardo Camacho, a Nevada prisoner. On July 13, 2011, respondents filed a motion to dismiss that argued that most of the grounds set forth in the federal habeas petition are unexhausted (docket #11). On September 2, 2011, petitioner filed a motion to amend petition/ motion to stay and abey proceedings under *Rhines v. Weber* (docketed as two motions, docket #s 25 and 26), in which he agrees that several of his claims are unexhausted. Respondents filed an opposition (docket #29).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The court has declined to prescribe the strictest possible standard for issuance of a stay.  "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006).  Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See Riner v. Crawford*, 412 F. Supp.2d at 1210 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

In the instant case, this court finds that petitioner has demonstrated good cause under *Rhines* for the failure to exhaust several grounds.  Further, those grounds are not "plainly meritless" under the second prong of the *Rhines* test.  Finally, there is no indication that petitioner engaged in dilatory litigation tactics.  This court concludes that petitioner has satisfied the criteria for a stay under *Rhines*.

In his motion, petitioner also agrees with respondents that additional claims 1 and 4 set forth in his Statement of Additional Claims (docket #10) are redundant.  Accordingly, additional claims 1 and 4 are dismissed with prejudice.

The court notes that petitioner indicates in his motion that he has already filed a petition for extraordinary habeas corpus relief directly with the Nevada Supreme Court.  Respondents have attached a copy of the Nevada Supreme Court filing as an exhibit to their opposition to the motion to stay and abey (docket #29-1).  The court advises that exhaustion only occurs if petitioner presents all claims in the proper procedural fashion.  The Nevada Supreme Court has repeatedly refused to exercise original jurisdiction to consider a writ petition in a criminal case raising claims that could or should have been raised in an appeal or in an appropriate post-conviction proceeding in the district court.  A challenge

to the validity of the judgment of conviction should be raised in a post-conviction petition for a writ of habeas corpus filed first in the district court. *See, e.g., Hosier v. State*, 117 P.3d 212, 213 (Nev. 2005).

Finally, petitioner has also filed a third motion for appointment of counsel (docket #27). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this action as well as motions filed by petitioner appear sufficiently clear in presenting the issues that petitioner wishes to raise. Accordingly, counsel is not justified. The motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss petition for a writ of habeas corpus (docket #11) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to amend pursuant to *Rose* and motion to stay and abey proceedings (docket #s 25 and 26) are **GRANTED**.

**IT IS FURTHER ORDERED** that additional claims 1 and 4 as set forth in petitioner's Statement of Additional Claims (docket #10) are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within **forty-five (45) days** from the entry of this order and returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #27) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.**

DATED this 28th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE