# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDUARDO CAMACHO,

    Petitioner,

vs.

E.K. MCDANIEL, *et al.*,

    Respondents.

Case No. 3:11-cv-00318-LRH-WGC

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2011, the court granted petitioner's motion to stay and administratively closed this case in order that petitioner could exhaust certain claims (ECF #30).

    Before the court is petitioner's motion to reopen the case (ECF #31) and motion for the appointment of counsel (ECF #32). With respect to the motion to reopen the case, petitioner has included his affidavit stating that his further state-court proceedings have concluded, and therefore, petitioner has now returned to this court seeking to reopen this case (ECF #31). Good cause appearing, this action is reopened.

    Petitioner attached a proposed second amended petition to his motion to reopen the case (ECF #31-1). However, petitioner has also filed a motion for appointment of counsel (#32). Respondents have not opposed. As this court has explained previously in this case, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S.

1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). This court denied earlier motions for appointment of counsel in this matter, largely due to petitioner's apparent ability to fairly present his claims. However, in light of the manner in which this case has developed, including that this court granted a stay to allow petitioner to exhaust several claims and that his claims include ineffective assistance of post-conviction counsel (relying in part on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)), and, mindful that petitioner was seventeen years old at the time of the crimes and is serving extremely lengthy sentences, the court now grants petitioner's motion for appointment of counsel (ECF #32).

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen the case (ECF #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that, as the stay is lifted by this order, the Clerk shall **REOPEN THE FILE** in this action.

**IT IS FURTHER ORDERED** that the Clerk shall detach and **file** petitioner's second amended petition (ECF #31-1)

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF #32) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petitioner's second amended petition for writ of habeas corpus (ECF #31-1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

///
///
///

1 **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

**IT IS FURTHER ORDERED** that petitioner's second application to proceed *in forma pauperis* (ECF #33) is **DENIED** as moot. Petitioner previously paid the filing fee for this case (*see* ECF #5).

DATED this 3rd day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE