UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDUARDO CAMACHO,<br><br>　　　　　　Petitioner,<br>　v.<br>E.K. MCDANIEL, et al.,<br><br>　　　　　　Respondents. | Case No. 3:11-cv-00318-LRH-WGC<br><br>ORDER |

This is a habeas matter under 28 U.S.C. § 2254 in which petitioner Eduardo Camacho is represented by counsel. Respondents have filed a motion to dismiss the third-amended petition (ECF No. 51). Camacho opposed (ECF No. 53), and respondents replied (ECF No. 54).

**I.    Procedural History and Background**

On October 6, 2006, a jury convicted Camacho of count 1: first-degree murder with the use of a deadly weapon; count 2: attempted robbery with the use of a deadly weapon; count 3: burglary with the use of a deadly weapon; count 4: battery with a deadly weapon causing substantial bodily harm; and count 5: battery with a deadly weapon (exhibit 16).[1] The state district court sentenced him as follows:  count 1: life with the possibility of parole after 20 years plus a consecutive term of life with the possibility of parole after 20 years for the deadly weapon enhancement; count 2: 40 to

---

[1] The court shall reference the exhibits that petitioner filed in support of his third-amended petition (ECF No. 43) as "exhs. 1-81." Exhibits 1-81 are found at ECF Nos. 44-50. The court notes that petitioner should have sequentially followed respondents' exhibits already on file and filed his first exhibit as exhibit 123.

1

120 months with a consecutive 40 to 120 months for the deadly weapon enhancement; count 3: 26 to 120 months, with a consecutive 26 to 120 months for the deadly weapon enhancement; count 4: 60 to 180 months; count 5: 24 to 72 months.  Exh. 22.  Judgment of conviction was entered on March 16, 2007.  *Id.*  A corrected judgment of conviction was filed that same day to reflect that counts 2 and 3 were to run concurrently to count 1 and counts 4 and 5 were to run consecutively to all other counts.  Exh. 23.

On July 14, 2008, the Nevada Supreme Court affirmed Camacho's convictions and vacated in part and remanded the matter to the state district court because the court had improperly enhanced the sentence for burglary with a deadly weapon enhancement.  Exh. 28.  Remittitur issued on August 8, 2008.  Exh. 29.  Pursuant to the Nevada Supreme Court's order, the second corrected judgment of conviction was entered on December 10, 2008.  Exh. 30.

Camacho filed a pro per state postconviction petition for habeas corpus in March 2009, the state district court subsequently appointed counsel, and Camacho filed a counseled supplement to the petition.  Exhs. 31, 35, 39.

In the meantime, on June 4, 2009, Camacho filed a proper person motion to correct illegal sentence and vacate judgment.  Exh. 37.  On June 9, 2010, the Nevada Supreme Court affirmed the denial of the motion, and remittitur issued on July 7, 2010.  Exhs. 55, 56.

On October 19, 2009, the state district court dismissed grounds 1-8 of the postconviction petition as procedurally barred and granted an evidentiary hearing as to ground 9.  Exh. 46.  After the evidentiary hearing, the state district court entered its order denying the petition on January 12, 2010.  Exh. 50.  On April 6, 2011, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on May 3, 2011.  Exhs. 62, 63.

///

On May 4, 2011, Camacho dispatched his federal habeas petition for filing (ECF No. 7). This court granted Camacho's motion for stay of his federal proceedings (ECF No. 30), and Camacho filed a second state postconviction on November 7, 2011. Exh. 64. On September 17, 2014, the Nevada Supreme Court affirmed the denial of the petition as untimely, successive and an abuse of the writ, and remittitur issued on October 15, 2014. Exhs. 79, 80.

Ultimately, this court appointed counsel, and the counseled, third-amended petition was filed on November 9, 2015 (ECF No. 43). Respondents now argue that grounds 2(B) and 3(B) do not relate back to the original petition and, alternatively, are unexhausted (ECF No. 51).

## II.     Legal Standards & Analysis

### a. Relation Back

Respondents argue that grounds 2(B) and 3(B) in the third-amended petition do not relate back to the original petition and should thus be dismissed as untimely (ECF No. 51, pp. 10-11). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the

existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that grounds 2(B) and 3(B) must relate back to the original petition in order to be deemed timely (ECF Nos. 51, 53).

**Ground 2(B)**

Camacho argues that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when counsel failed to move for a mistrial and failed to move to have Camacho's trial severed from his co-defendants' (ECF No. 43, pp. 24-26). Camacho asserts that his counsel knew that he wanted to testify on his own behalf and was present when his co-defendant Brian Snapp threatened and intimidated him into not testifying. *Id*.

In Camacho's original federal petition, he claimed that his trial counsel was ineffective when he advised him not to testify when counsel knew he wanted to testify on his own behalf after counsel witnessed Snapp threatening petitioner into not testifying (ECF No. 7, p. 16).

While ground 2(B) adds the legal theories that trial counsel failed to move for a mistrial and failed to move to have Camacho's trial severed, these new theories are clearly tied to the same operative facts as those alleged in the original petition. *Ha Van Nguyen*, 736 F.3d at 1297. Accordingly, ground 2(B) relates back and is timely.

**Ground 3(B)**

Camacho claims that his appellate counsel was ineffective for failing to raise federal ground 2(B) -- trial counsel's alleged ineffective assistance for failing to move for a mistrial and failing to move to have Camacho's trial severed (ECF No. 43, pp. 29-31).

///

///

4

Respondents argue that ground 3(B) does not relate back and is unexhausted (ECF No. 51, pp. 11-13). As ground 2(B) relates back, ground 3(B) would also relate back even with the additional legal theory of ineffective assistance of appellate counsel.

However, this court need not consider whether any part of ground 3 is exhausted because it must be denied on the merits. Ground 3(A) is also a claim of ineffective assistance of appellate counsel – for failing to raise on appeal the claim of ineffective assistance of trial counsel for failing to allow Camacho to testify in his own defense (ECF No. 43, pp. 26-29). 28 U.S.C. §2254(b)(2) provides: "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state. A federal court may deny an unexhausted claim on the merits only when the court finds it is perfectly clear that the applicant does not raise even a colorable federal claim and therefore has no chance of obtaining relief. *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

The Nevada Supreme Court has consistently held that it will not entertain claims of ineffective assistance of counsel on direct appeal. *Corbin v. State*, 892 P.2d 580 (Nev. 1995), citing *Gibbons v. State*, 634 P.2d 1214 (Nev. 1981); *but see Archanian v. State*, 145 P.3d 1008, 1020- 21 (Nev. 2006) (the Nevada Supreme Court "has repeatedly declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless.") (emphasis omitted) (*see also* ECF Nos. 53, p. 16 and 54, pp. 5-6).

Camacho fails to demonstrate his case would be subject to the very limited exceptions that would permit the Nevada Supreme Court to entertain such allegations of ineffective assistance of trial counsel on direct appeal. Camacho has not demonstrated how appellate counsel was ineffective for failing to raise allegations that the Nevada Supreme Court would not have addressed in the first place. Accordingly, federal habeas relief is denied as to the entirety of ground 3.

///

### b. Exhaustion, Anticipatory Default/Technical Exhaustion and Procedural Default

Next, respondents argue that ground 2(B) is unexhausted (ECF No. 51, pp. 12-13). A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Camacho acknowledges that ground 2(B) is unexhausted (ECF No. 53, p. 9). He argues that this court should deem the claim technically exhausted but procedurally defaulted. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own

6

mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Camacho points out that if he returned to the state courts with this claim, it would be defaulted as untimely and successive. *See* 28 U.S.C. §2254(b)(1)(B). Notably, the Nevada Supreme Court already affirmed the denial of Camacho's second (2011) state postconviction as time-barred, successive and an abuse of the writ. Exh. 79.

"A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Id.* "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012) (citing Coleman v. Thompson, 501 U.S. at 750)). Camacho argues that he cannot overcome the default in the state courts based on the Nevada Supreme Court's determination that postconviction counsel's ineffectiveness cannot provide cause to overcome a defaulted ground of trial and appellate counsel's ineffectiveness in Nevada. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014) (declining to apply *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), discussed below, to state postconviction scheme). Camacho, therefore, urges this court to apply "anticipatory default" and/or to conclude that this ground is technically exhausted but procedurally barred. Respondents acknowledge in reply that ground 2(B) likely falls within the scope of Nevada's procedural default rules,

7

1  *i.e.*, that the state courts would find it procedurally barred (ECF No. 54, p. 54). The
2  court agrees and finds that ground 2(B) is technically exhausted and procedurally
3  barred.
4      Camacho argues that, if ground 2(B) is considered technically exhausted but
5  procedurally defaulted, he can demonstrate cause and prejudice to excuse the default.
6  The Supreme Court has established an equitable rule that ineffective assistance of
7  counsel for failing to raise a claim of ineffective assistance of trial counsel in the state
8  court initial-review collateral proceedings may serve as cause to overcome the state
9  procedural bar. *Martinez v. Ryan*, 132 S.Ct. 1309,1315, 1318-20 (2012). A reviewing
10 court must determine (1) whether the petitioner's attorney in the first collateral
11 proceeding, if counsel was appointed, was ineffective under *Strickland v. Washington*,
12 466 U.S. 668 687, 104 S.Ct. 2052 (1984), (2) whether the petitioner's claim of
13 ineffective assistance of trial counsel is "substantial," and (3) whether there is prejudice.
14 *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir.2012), citing *Martinez*, 132 S.Ct. at
15 1321. Thus, according to the process outlined by the Ninth Circuit, in order to overcome
16 the procedural bar to an ineffective assistance of trial counsel claim using *Martinez*,
17 petitioner

> must show that trial counsel was ... ineffective, and that PCR [post conviction review] counsel's failure to raise trial counsel's ineffectiveness in the PCR proceeding fell below an objective standard of reasonableness. If trial counsel was not ineffective, then [the petitioner] would not be able to show that PCR counsel's failure to raise claims of ineffective assistance of trial counsel was such a serious error that PCR counsel "was not functioning as the 'counsel' guaranteed" by the Sixth Amendment.

23 *Sexton*, 679 F.3d at 1159 (quoting *Strickland*, 466 U.S. at 687). Where no counsel
24 was appointed on postconviction review, cause is assumed and petitioner must
25 demonstrate that his underlying ineffective assistance of trial counsel claim is
26 substantial. *Martinez*, 132 S.Ct. at 1318–19.
27     ///
28

The Court in *Trevino v. Thaler*,133 S.Ct. 1911 (2013), further summarized what *Martinez* required in order to establish whether a federal court may excuse a state court procedural default.

"Cause" to excuse the default may be found:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino*, 133 S.Ct. at 1918, quoting *Martinez*, 132 S.Ct. at 1318-19, 1320-21.

When the petitioner was represented by counsel during the initial-review collateral proceedings, he or she may demonstrate cause by showing that counsel in the initial-review collateral proceedings was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez*, 132 S.Ct. at 1318. The *Martinez* Court explained: "It is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, where that is so, the States may enforce a procedural default in federal habeas proceedings." *Id.* at 1319. The Court emphasized that its ruling applied to initial-review collateral proceedings only and not to any other proceedings, including appeals from initial-review collateral proceedings. *Id.* at 1320.

To determine whether petitioner suffered prejudice because his state postconviction counsel did not raise a claim, the question must be answered: is the procedurally defaulted claim "substantial?" *Martinez*, 132 S.Ct. at 1321. The Court in *Martinez* cited to *Miller-el v. Cockrell*, 537 U.S. 322 (2003) for its standard requiring the petitioner to make a substantial showing of the denial of a constitutional right, suggesting that this standard is appropriate in deciding if a claim would satisfy the prejudice prong for overcoming a procedural default. *Id.* at 1319. Under *Miller-el*, a petitioner need not show that he will prevail on the merits. *Miller-el*, 537 U.S. at 337, citing *Barefoot v.*

9

*Estelle*, 463 U.S. 880, 893 n.4 (1983) (a showing that "a court could resolve the issue [differently] or that the questions are adequate to deserve encouragement to proceed further" is sufficient to meet the substantial showing required for appellate review); *see also Slack v. McDaniel*, ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.") 529 U.S. 473, 484 (2000).

Here, the court concludes that the issue as to whether cause and prejudice exists to excuse the procedural bar of ground 2(B) is intertwined with the resolution of the merits of the claim to the extent that it best serves judicial economy to defer this court's cause and prejudice determination at this time. Accordingly, respondents' motion to dismiss is denied without prejudice as to ground 2(B). The parties may renew their arguments in the conjunction with their briefing of the petition on the merits.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondent's motion to dismiss (ECF No. 51) is **GRANTED** in part and **DENIED** without prejudice in part as follows:

The motion to dismiss ground 2(B) is **DENIED** without prejudice.

Ground 3 is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is entered within which to file an answer to the third-amended petition as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** following service of respondents' answer in which to file a reply.

I**T IS FURTHER ORDERED** that petitioner's motion for extension of time to file an opposition to the motion to dismiss (ECF No. 52) is **GRANTED** *nunc pro tunc*.

DATED this 27th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE